OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, affirming the decision reached by the Unemployment Compensation Review Commission, which denied plaintiff-appellant, Michael C. Vetanze, the right to receive unemployment benefits.
Appellant lived in St. Clairsville, Ohio. He worked at Wheeling-Pittsburgh Steel for more than seventeen years. In 1996, he was laid off in connection with a labor dispute. On February 13, 1997, appellant applied for unemployment compensation benefits. On February 18, 1997, defendant-appellee, the Administrator of the Ohio Bureau of Employment Services, issued a determination allowing benefits.
On February 24, 1997, appellant was hired at the Gerstenslager Company (Gerstenslager) located in Wooster, Ohio. He accepted the job in anticipation of relocating to Wooster. He commuted from St. Clairsville to Wooster for one week. After surveying the housing market in Wooster, he realized that he could not afford to pay the high rents on his $8.85 hourly wage. Unable to continue commuting 100 miles each way, appellant resigned on February 28, 1997.
On March 6, 1997, appellant filed an additional claim application with appellee. On March 20, 1997, appellee issued a determination of benefits allowing appellant's claim, holding that appellant quit his employment with Gerstenslager with just cause. Gerstenslager subsequently filed a request for reconsideration. On June 6, 1997, appellee affirmed the determination issued on March 20, 1997. Gerstenslager then appealed to the Board of Review. A telephone hearing was held on July 3, 1997. On July 10, 1997, the hearing officer issued a decision, affirming appellee's decision of June 6, 1997.
On July 25, 1997, Gerstenslager filed an application to institute further appeal. The Review Commission reversed the hearing officer's decision, holding that appellant quit his employment with Gerstenslager without just cause. Appellant appealed to the Belmont County Common Pleas Court. The trial court affirmed the Review Commission's decision denying unemployment compensation benefits. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first and second assignments of error have a common basis in law and fact, will therefore be discussed together and allege respectively as follows:
 "The trial court erred in ruling that appellant/employee quit his employment without just cause and denied unemployment benefits based on the finding of fact that it was uncontested that claimant was required to drive from his residence to his employment 100 miles one way, that the transportation burden was too onerous, and claimant's anticipated housing plan at his place of employment had failed.
 "The trial court erred in ruling that the Review Commission's denial of unemployment benefits was proper and not unreasonable or against the weight of the evidence when the trial court stated that it was uncontested that appellant/employee was required to travel 100 miles one way to his employment, and the transportation burden was onerous and that his anticipated housing plan had failed."
Appellee notes that the Review Commission and its hearing officer were responsible for assessing the evidence and credibility of the witnesses. Appellee avers that reviewing courts should not substitute their judgment for the judgment of the trier-of-fact. Because appellee believes credible evidence existed to support the Review Commission's determination, appellee argues that the trial court correctly affirmed.
Appellee contends that appellant quit his employment with Gerstenslager without just cause. Appellant made a conscious choice to obtain employment in a city 100 miles from his home. He assured Gerstenslager that he was interested in relocating to the Wooster area if he received the job. (Tr. 8). He accepted the job despite knowledge that his living arrangements were uncertain. (Tr. 6). He then quit because neither the commute nor the expense of living in Wooster were feasible. (Tr. 6). Appellee notes that the Review Commission found appellant could have sought employment in numerous areas closer to St. Clairsville. (Review Commission's Decision mailed November 18, 1997, 5). Appellee contends that an ordinary, intelligent person would not seek and accept employment 100 miles away from his home without first discovering whether the commute or living arrangements were going to be feasible. Appellee argues, therefore, that appellant quit his employment without just cause and was properly denied unemployment compensation benefits. We disagree.
R.C. 4141.29 (D) provides, in pertinent part:
 "* * * no individual may * * * be paid benefits under the following conditions:
"* * *
 "(2) For the duration of the individual's unemployment if the administrator finds that:
"(a) The individual quit work without just cause * * *."
"Just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." Booth v. Administrator (June 30, 1999), Mahoning App. No. 98-CA-109, unreported (citing Irvine v.Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17). It is clear that an ordinary, reasonable person under similar circumstances could not drive 200 miles round trip every day for an hourly wage of $8.85. Traveling this distance every day would be hazardous and would pose upon him an unreasonable economic burden.
Moreover, just cause determinations in the unemployment compensation context must be consistent with the legislative purpose underlying the Unemployment Compensation Act (Act).Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 697. "The Act exists `to enable unfortunate employees, who become and remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.'" Tzangas, supra at 697 (citing Irvine, supra at 17). The Act encourages unemployed individuals to seek new employment. R.C. 4141.29 (A) provides, in pertinent part:
 "No individual is entitled to a waiting period or benefits for any week unless the individual:
"* * *
 "(4) (a) Is able to work and available for suitable work and is actively seeking suitable work either in a locality in which the individual has earned wages subject to this chapter during the individual's base period, or if the individual leaves that locality, then in a locality where suitable work normally is performed."
Appellant was unable to find suitable employment in his area. Although he was not required by the Act to do so, he chose to seek employment in Wooster, a location unreasonably distant from his residence. Had he not bothered to search for work outside of his local area, he would have been granted benefits. Because he demonstrated initiative beyond that required by the statute, his application for benefits was denied. The purpose of the Act in enabling those who continually seek employment to subsist at a reasonably decent level, would be frustrated by denying appellant's claim for benefits. Such a result would discourage unemployed individuals with hopes of relocating, from seeking employment outside their local areas.
Furthermore, appellant would not be required to take this job as an offer of new work. R.C. 4141.29 (E) provides, in pertinent part:
 "No individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept new work if:
"* * *
 "(3) The work is at an unreasonable distance from the individual's residence, having regard to the character of the work the individual has been accustomed to do, and travel to the place of work involves expenses substantially greater than that required for the individual's former work, unless the expense is provided for." (Emphasis added).
Appellant cannot be punished for voluntarily accepting a job he was not otherwise required to take.
The Ohio Supreme Court has ruled that reviewing courts may reverse just cause determinations if they are "unlawful, unreasonable, or against the manifest weight of the evidence."Tzangas, supra at syllabus. For the foregoing reasons, we hold that the Review Commission's decision that appellant did not have just cause to quit his employment was unlawful, unreasonable and against the manifest weight of the evidence. The trial court should have reversed the Review Commission's determination.
Appellant's first and second assignments of error on appeal are found to be with merit.
The judgment of the trial court is hereby reversed.
Donofrio, J., concurs. Vukovich J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE